IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RHANA J. CARSON,

    Plaintiff,   No. CIV S-11-1150 GEB DAD PS

  vs.

AURORA LOAN SERVICES, LLC, et al.,

    Defendants.   ORDER TO SHOW CAUSE

        Plaintiff in this matter is proceeding pro se with a civil action arising from a mortgage foreclosure. Plaintiff commenced the action in the El Dorado County Superior Court on March 18, 2011, by filing a 46-page complaint that alleges in conclusory terms numerous causes of action. Defendants Aurora Loan Services, LLC (Aurora) and Mortgage Electronic Information Systems, Inc. (MERS) removed the case to federal court on April 28, 2011. The matter has been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).

        On May 5, 2011, the two removing defendants filed a motion to dismiss plaintiff's complaint, and on May 18, 2011, defendant Commonwealth Land Title Company (Commonwealth) filed a motion to dismiss or for more definite statement. The unopposed motions were heard on August 26, 2011. Despite having had ample time to file written

opposition or a statement of non-opposition to each motion, plaintiff did not respond to the properly noticed motions and did not appear at the hearing of the motions. The court's records reflect that plaintiff has not filed any document since the case was removed to federal court and has not demonstrated in any way that she intends to prosecute this action on its merits.

      Pursuant to the Local Rules of Practice for the United States District Court for the Eastern District of California, opposition, if any, to the granting of a motion "shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date." Local Rule 230(c). "No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." Id. Failure to appear at the hearing of a properly noticed motion may be deemed withdrawal of any written opposition that was timely filed, in the discretion of the court, or may result in the imposition of sanctions. Local Rule 230(i). Failure of a party to comply with the Local Rules or any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). Failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. Id.

      Plaintiff has now twice failed to comply with Local Rule 230 and has taken no steps to prosecute this action since April 28, 2011. In light of plaintiff's pro se status and in the interests of justice, the court will provide plaintiff with an opportunity to show good cause for her conduct along with a final opportunity to respond to defendants' pending motions.

      IT IS HEREBY ORDERED that:

1. Plaintiff shall show good cause, in writing, no later than September 23, 2011, for failing to respond to defendants' motions and shall show why sanctions should not be

/////

imposed on her for failing to file timely opposition or a statement of non-opposition to each of defendants' motions and for failing to appear at the properly noticed hearing of the motions;

       2. Any response to this order must be filed with the court and served on defendants' attorneys of record; the response must be accompanied by a separately filed opposition or statement of non-opposition to each of defendants' motions; if plaintiff files opposition to either or both motions, she must address all arguments presented in the motion or motions she opposes;

       3. If plaintiff files opposition to any motion or motions, any replies by defendants shall be filed and served no later than October 7, 2011; and

       4. Plaintiff is cautioned that failure to file and serve a written response to this order, along with opposition or a statement of non-opposition to each motion, will be deemed a statement of non-opposition to the granting of defendants' motions and will constitute grounds for imposing appropriate sanctions, including dismissal of this action with prejudice for failure to comply with court orders and applicable rules, and for lack of prosecution. <u>See</u> Fed. R. Civ. P. 41(b).

DATED: August 27, 2011.

                                          *Dale A. Drozd*
                                          DALE A. DROZD
                                          UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.pro se\carson1150.osc