1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10  RHANA J. CARSON,

11          Plaintiff,                 No. CIV S-11-1150 GEB DAD PS

12      vs.

13  AURORA LOAN SERVICES, LLC,
    et al.,
14
            Defendants.               FINDINGS AND RECOMMENDATIONS
15  _____/

16          Pursuant to the court's order filed in this case on August 29, 2011 (Doc. No. 19),

17  plaintiff was required to show cause in writing no later than September 23, 2011, for failing to

18  respond to defendants' motions to dismiss and to show why sanctions should not be imposed on

19  her for failing to file timely opposition or a statement of non-opposition to each of defendants'

20  motions and for failing to attend properly noticed court hearings of those motions.

21          Plaintiff, who is proceeding pro se, was cautioned that failure to file and serve a

22  written response to the order to show cause, along with her opposition or statement of non-

23  opposition to each motion, would be deemed a statement of non-opposition to the granting of

24  defendants' motions.  Plaintiff was further cautioned that failure to respond to the order to show

25  cause would constitute grounds for imposing appropriate sanctions, including dismissal of this

26  /////

                                        1

1  action with prejudice for failure to comply with court orders and applicable rules, and for lack of

2  prosecution.  Plaintiff has not responded to the court's order to show cause in any way.

3                                PROCEDURAL HISTORY

4          Plaintiff commenced this action in El Dorado County Superior Court on March

5  18, 2011, by filing a 46-page complaint that names five defendants and alleges in conclusory

6  terms numerous causes of action arising from or related to a mortgage foreclosure.  Defendants

7  Aurora Loan Services, LLC (Aurora) and Mortgage Electronic Information Systems, Inc.

8  (MERS) removed the case to federal court on April 28, 2011.  The matter was referred to the

9  undersigned for all purposes encompassed by Local Rule 302(c)(21).

10         On May 5, 2011, the two removing defendants (Aurora and MERS) filed a motion

11  to dismiss plaintiff's complaint.  On May 18, 2011, defendant Commonwealth Land Title

12  Company (Commonwealth) filed a motion to dismiss or for more definite statement.  Both

13  motions were heard on August 26, 2011.  Despite having had ample time to file written

14  opposition or a statement of non-opposition to defendants' motions, plaintiff did not respond to

15  the properly noticed motions and did not appear at the hearing of the motions.  The court's

16  records reflect that plaintiff has not filed any document in the case since it was removed to

17  federal court and has not demonstrated in any way that she intends to prosecute this action on its

18  merits.

19                                    ANALYSIS

20         The factors to be weighed in determining whether to dismiss a case for lack of

21  prosecution are as follows:  (1) the public interest in expeditious resolution of litigation; (2) the

22  court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy

23  favoring disposition on the merits; and (5) the availability of less drastic sanctions.  Ferdik v.

24  Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir.

25  1988).  Dismissal is a harsh penalty that should be imposed only in extreme circumstances.

26  Ferdik, 963 F.2d at 1260.

In this case, there is no evidence that service was properly effected by plaintiff on defendants Aegis Wholesale Corp. and Cal-Western Reconveyance Corporation in accordance with Federal Rule of Civil Procedure 4(e). Accordingly, these two defendants, who have not appeared in the action, must be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

With respect to the three defendants who have appeared in the case and filed motions to dismiss, plaintiff filed no document responsive to the motions. Under the Local Rules of Practice for the United States District Court for the Eastern District of California, opposition, if any, to the granting of a motion "shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date." Local Rule 230(c). "No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." Id. Failure to appear at the hearing of a properly noticed motion may, in the discretion of the court, be deemed withdrawal of any written opposition that was timely filed, or may result in sanctions. Local Rule 230(i).

Failure of a party to comply with the Local Rules or any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. Id.

Plaintiff failed to file a timely response to either of defendants' motions to dismiss, and plaintiff failed to appear at the hearing of the properly noticed motions, in violation of multiple provisions of Local Rule 230. The court issued an order to show cause that provided plaintiff with yet another opportunity to file opposition or a statement of non-opposition to defendants' motions, but plaintiff failed to respond in any way. The order to show cause warned

plaintiff that failure to file a written response to the order to show cause together with opposition or a statement of non-opposition to each motion would be deemed a statement of non-opposition to the granting of the motions.  In light of that warning, plaintiff's failure to respond should be deemed a statement of non-opposition to the granting of the motions to dismiss filed by defendants Aurora, MERS, and Commonwealth, and their motions should be granted.

Plaintiff's lack of prosecution of this case renders monetary sanctions futile, and the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants all support the sanction of dismissal.  Only the public policy favoring disposition on the merits counsels against dismissal.  In the absence of a showing of good cause, the dismissal of defendants Aegis Wholesale Corp. and Cal-Western Reconveyance Corporation is mandated by Rule 4(m) of the Federal Rules of Civil Procedure in any event, and plaintiff's failure to prosecute the action in any way makes disposition on the merits an impossibility as to any defendant.  The undersigned will therefore recommend that this action be dismissed with prejudice as to all defendants due to plaintiff's failure to prosecute and to comply with the court's orders.  See Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The motions to dismiss filed by defendants Aurora Loan Services, LLC and Mortgage Electronic Information Systems, Inc. (Doc. No. 8) and defendant Commonwealth Land Title Company (Doc. No. 13) be deemed unopposed and, so deemed, be granted;

2. This action be dismissed as to defendants Aegis Wholesale Corp. and Cal-Western Reconveyance Corporation due to plaintiff's failure to effect service of process upon these defendants within the time specified by Federal Rule of Civil Procedure 4(m); and

3.  Plaintiff's claims against all defendants be dismissed with prejudice due to lack of prosecution, as evidenced by plaintiff's failure to effect service of process upon the two non-appearing defendants, failure to file opposition or a statement of non-opposition to the

/////

1  motions to dismiss filed on behalf of three defendants, failure to appear at the hearing of the

2  motions to dismiss, and failure to prosecute the action in any manner since April 28, 2011; and

3                   4.  This case be closed.

4                   These findings and recommendations will be submitted to the United States

5  District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within

6  fourteen (14) days after being served with these findings and recommendations, any party may

7  file written objections with the court.  A document containing objections should be titled

8  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections

9  shall be filed within seven (7) days after service of the objections.  The parties are advised that

10  failure to file objections within the specified time may, under certain circumstances, waive the

11  right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12  DATED: October 6, 2011.

13

14  _____

15  DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

16  DAD:kw
   Ddad1\orders.pro se\carson1150.dlop.f&r

17

18

19

20

21

22

23

24

25

26